UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEWAYNE ALLEN,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA STATE PRISON – SAC,<br><br>Respondent, | No.  2:15-cv-1637 AC P<br><br><br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  The declaration submitted by petitioner makes the showing required by § 1915(a) and the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).  Petitioner has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 6.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted."  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus unless "there is an absence of available State corrective process" or circumstances make the process ineffective to protect a petitioner's rights. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

After reviewing the petition for habeas corpus, it appears that petitioner has failed to exhaust state court remedies. ECF No. 1 at 6. The petition indicates that the claim has not been presented to the California Supreme Court. Id. Further, there is no allegation that state court remedies are not available to petitioner. Within thirty days petitioner must show cause why the petition should not be dismissed for failure to exhaust state court remedies. In other words, petitioner must show that he has exhausted his state court remedies or demonstrate that no state court remedies are available or they are ineffective to protect his rights. Failure to comply with this order will result in dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis (ECF Nos. 7, 8) is granted.

2. Within thirty days of service of this order, petitioner must show cause why the petition should not be dismissed for failure to exhaust state court remedies. Failure to comply with this order will result in dismissal of the petition.

DATED: January 15, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).