UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL DEWAYNE ALLEN,

Petitioner,

v.

CALIFORNIA STATE PRISON – SAC,

Respondents.

No. 2:15-cv-1637 AC P

ORDER

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 6.

After reviewing the petition, the court found that it appeared that petitioner had not exhausted his state court remedies because the petition indicated that the claim had not been presented to the California Supreme Court and there was no allegation that state court remedies were not available to petitioner. ECF No. 10. Petitioner was ordered to show cause why the petition should not be dismissed for failure to exhaust state court remedies and was warned that failure to comply with the order would result in dismissal of this action. Id.

Since the order to show cause was issued, another option has become available to petitioner. The Ninth Circuit recently held that a petitioner may seek a stay pursuant to Rhines v.

Weber, 544 U.S. 269 (2005), to preserve the filing date of his federal petition, even when the petition contains only unexhausted claims. Mena v. Long, -- F.3d --, No. 14-55102, 2016 WL 625405, at *4, 2016 U.S. App. LEXIS 2663, at *12 (9th Cir. Feb. 17, 2016). Therefore, if petitioner is unable to show that he has in fact exhausted his state court remedies, or that state court remedies are not available to him, he must advise the court whether he is seeking a stay under Rhines.

If plaintiff seeks a stay under Rhines, he must show that (1) good cause exists for his failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) there has been no indication that petitioner has intentionally delayed pursuing the litigation. Rhines, 544 U.S. at 277-78. If petitioner cannot show that he exhausted his state court remedies or that state court remedies are not available to him and he does not request a stay pursuant to Rhines, this case will be dismissed.

Accordingly, IT IS HEREBY ORDERED that within thirty days of service of this order, petitioner must do **one** of the following:

1. Provide evidence that he has exhausted his state court remedies. This can be shown by providing a copy of the California Supreme Court order denying his state habeas petition;

2. Explain why state court remedies are not available to him; or

3. File a notice telling the court that he has not exhausted his state court remedies and that remedies are available. Petitioner must also tell the court whether he wants to stay this case. If petitioner wants to stay the case, he must file a motion for stay and abeyance at the same time he files his notice. The motion must explain why he did not exhaust his claims in state court, why his case has merit, and why he has not unnecessarily delayed in bringing his claims to state court.

Failure to comply with this order will result in dismissal of the petition.

DATED: February 22, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE