UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEWAYNE ALLEN,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA STATE PRISON – SAC,<br><br>Respondent. | No. 2:15-cv-1637 AC P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 6.

After reviewing the petition, the court found that it appeared that petitioner had not exhausted his state court remedies because the petition indicated that the claim had not been presented to the California Supreme Court and there was no allegation that state court remedies were not available to petitioner. ECF No. 10. Petitioner was ordered to show that he had exhausted his state court remedies or demonstrate that no state court remedies are available or that they are ineffective to protect his rights. Id. He was warned that failure to comply with the order would result in dismissal of this action. Id.

After the order to show cause was issued, the Ninth Circuit issued its decision in Mena v.

1

1 Long, 813 F.3d 907 (9th Cir. 2016), which created another option.  In Mena, the Ninth Circuit
2 held that a petitioner may seek a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005), to
3 preserve the filing date of his federal petition, even when the petition contains only unexhausted
4 claims.  Mena, 813 F.3d at 912.  Petitioner was then advised that if he is unable to show that he
5 has exhausted his state court remedies, or that state court remedies are not available to him, he
6 must notify the court whether he is seeking a stay under Rhines.  ECF No. 11.  Petitioner was
7 then advised of what he must show to warrant a Rhines stay and was given an additional thirty
8 days to (1) show that he had exhausted his state court remedies; (2) show that there are not any
9 state court remedies or that the remedies are ineffective; or (3) notify the court that he is seeking a
10 stay and abeyance in order to exhaust his state court remedies.  Id.  Petitioner was again warned
11 that failure to comply with the court's order would result in dismissal of the petition.  Id.

12       The thirty day period has passed and petitioner has not responded to the order.  Petitioner
13 will be given one more opportunity to show cause why his petition should not be dismissed.
14 Petitioner is reminded that if he wants to request a stay so that he can exhaust his claim in state
15 court, he must show that (1) good cause exists for his failure to have first exhausted the claim in
16 state court, (2) the claim at issue potentially has merit, and (3) there is no indication that petitioner
17 has intentionally delayed pursuing the litigation.  Rhines, 544 U.S. at 277-78.  If petitioner cannot
18 show that he exhausted his state court remedies or that state court remedies are not available to
19 him and he does not request a stay pursuant to Rhines, this case will be dismissed.

20       Accordingly, IT IS HEREBY ORDERED that within thirty days of service of this order,
21 petitioner must do one of the following:

22     1. Provide evidence that he has exhausted his state court remedies.  This can be shown by
23 filing a copy of the California Supreme Court order denying his state habeas petition;

24     2. Explain why state court remedies are not available to him or are insufficient to protect
25 his rights; or

26     3. File a motion for stay and abeyance while he returns to state court to exhaust his state
27 court remedies.  The motion must explain why petitioner did not exhaust his claims in state court,
28 ////

why his case has merit, and why he has not unnecessarily delayed in bringing his claims in state court.

4. Failure to comply with this order will result in dismissal of the petition.

DATED: April 11, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3