1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL DEWAYNE ALLEN,                        No.  2:15-cv-1637 AC P

12                      Petitioner,

13          v.                                       ORDER

14    CALIFORNIA STATE PRISON – SAC,

15                      Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18    corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to the jurisdiction of the

19    undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule

20    305(a).  ECF No. 6.

21          By order filed January 19, 2016, petitioner was ordered to show that he had exhausted his

22    state court remedies or demonstrate that no state court remedies were available or that they were

23    ineffective to protect his rights.  ECF No. 10.  He was warned that failure to comply with the

24    order would result in dismissal of this action.  Id.

25          Petitioner did not respond to the order to show cause.  However, another option became

26    available to petitioner and by order filed February 23, 2016, the court notified petitioner that he

27    could seek a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005), to preserve the filing date of

28    his federal petition, even if the petition contains only unexhausted claims.  ECF No. 11 (citing

1   Mena v. Long, 813 F.3d 907 (9th Cir. 2016)).  Petitioner was advised that if he was unable to

2   show that he had exhausted his state court remedies or that state court remedies were not

3   available to him, he must notify the court whether he was seeking a stay under Rhines.  Id.

4   Petitioner was further advised of what he must show to warrant a Rhines stay and was given an

5   additional thirty days to (1) show that he had exhausted his state court remedies; (2) show that

6   there were not any state court remedies or that the remedies were ineffective; or (3) notify the

7   court that he was seeking a stay and abeyance in order to exhaust his state court remedies.  Id.  He

8   was again warned that failure to comply with the court's order would result in dismissal of the

9   petition.  Id.

10      After the thirty day period has passed and petitioner had not responded to the order, the

11  court granted him one final opportunity to show cause why his petition should not be dismissed.

12  ECF No. 12.  Petitioner was given thirty days to respond, reminded of his options, and warned

13  that failure to comply would result in dismissal of the petition.  Id.  The thirty day period has now

14  passed and petitioner has not responded to the order in any way.

15      Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

16  any order of the Court may be grounds for imposition by the Court of any and all sanctions

17  authorized by statute or Rule or within the inherent power of the Court."  "District courts have the

18  inherent power to control their dockets.  In the exercise of that power they may impose sanctions

19  including, where appropriate, default or dismissal."  Thompson v. Housing Auth., 782 F.2d 829,

20  831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an

21  action, failure to obey a court order, or failure to comply with local rules.  Fed. R. Civ. P. 41(b)

22  (court may dismiss action for failure to prosecute or comply with civil rules or a court order);

23  Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local

24  rule) (citing United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979)); Malone v. United States

25  Postal Serv., 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court

26  order).

27      In determining whether to dismiss an action for lack of prosecution, the court must

28  consider several factors:

2

1
2
3
4

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.

5
6

Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing Ash v. Cvetkov, 739 F. 2d 493, 496 (9th Cir. 1984); Mir v. Fosburg, 706 F.2d 916, 918 (9th Cir. 1983)).

7
8
9
10
11

The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.  This action has been pending since July 2015, and since the court's January 19, 2016 order to show cause, petitioner has made no attempt to contact the court or otherwise comply with that order.  The court cannot hold this case in abeyance awaiting such compliance by petitioner.

12
13
14
15
16
17
18

The third factor, risk of prejudice to respondent, also weighs in favor of dismissal.  The Ninth Circuit "has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the [opposing party] from the failure."  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (citing Alexander v. Pac. Mar. Ass'n, 434 F.2d 281 (9th Cir. 1970); Pearson v. Dennison, 353 F.2d 24 (9th Cir. 1968)).  This is because "[t]he law presumes injury from unreasonable delay."  Id. (citing States S.S. Co. v. Philippine Air Lines, 426 F.2d 803, 804 (9th Cir. 1970)).

19
20

The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.

21
22
23
24
25
26
27

Finally, the court has already provided petitioner additional time to comply rather than dismiss the petition and warned him that failure to respond to the order to show cause would result in dismissal of the action.  ECF Nos. 11, 12.  The court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the "consideration of the alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Malone, 833 at 132-133; Henderson, 779 F.2d at 1424.  The court's February 23, 2016 and April 12, 2016 orders giving petitioner additional opportunities to comply with the January 19, 2016 order to show cause each

28

1    expressly stated that "[f]ailure to comply with this order will result in dismissal of the petition."

2    ECF No. 11 at 2; ECF No. 12 at 3.  Thus, petitioner had adequate warning that dismissal could

3    result from his noncompliance with the court's orders.

4        Summary

5        This case is being dismissed without prejudice because plaintiff has not responded to the

6    court's order to show cause in any way.

7        Accordingly, IT IS HEREBY ORDERED that this action is dismissed without prejudice

8    for failure to comply with a court order and failure to prosecute.  Fed. R. Civ. P. 41(b); L.R. 110.

9    DATED: May 24, 2016

10

11   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4